NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZYDUS PHARMACEUTICALS USA, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 10-5584 (DMC) (JAD) |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff Zydus Pharmaceuticals USA, Inc. ("Zydus") for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). No oral argument was heard under Rule 78. For the reasons stated below, Plaintiff's motion is DENIED.

## I. BACKGROUND[1]

This matter is related to an action currently pending appeal before the Federal Circuit. In Eli Lilly v. Actavis Elizabeth LLC, No. 07-3770 (DMC) (the "Actavis Action"), Eli Lilly and Company ("Lilly"), as plaintiff, alleged that Zydus and a number of other generic drug companies infringed on Lilly's United States Patent No. 5,658,590 ("the '590 Patent") by filing Abbreviated New Drug Applications ("ANDA") seeking to manufacture, market, and/or sell generic versions of Lilly's

---

[1] The facts in the Background section have been taken from the parties' submissions.

atomoxetine hydrochloride product marketed under the brand name Stratera.®  In December 2007, Zydus and Lilly agreed to a consent judgment (the "Consent Judgment") disposing of Lilly's claims against Zydus in the Actavis Action.  The Consent Judgment stipulated that:

> Zydus, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, any of the generic atomoxetine hydrochloride products defined by ANDA 79-017 during the life of the '590 patent, including any extensions (including under 35 U.S.C. § 156 and including periods of regulatory exclusivity associated with the patent, such as pediatric exclusivity under 21 U.S.C. § 355a), absent authorization by Lilly.

Boyle Decl., Ex. C at 3 (emphasis added).

Five defendants remained in the Actavis Action through a bench trial in August 2010. Following trial, this Court entered judgment against Lilly finding, in pertinent part, that the '590 Patent was invalid for lack of enablement/utility under 35 U.S.C. § 112.  This Court also entered a 14-day injunction to allow the Federal Circuit time to determine whether an interim injunction pending resolution of the appeal was warranted. Lilly immediately appealed the invalidity determination and the Federal Circuit ordered that the injunction entered by this Court be continued through the duration of appellate review.

To ensure that Zydus was bound by the Federal Circuit's injunction, Lilly moved to amend the official case caption so as to add Zydus as a named defendant-appellee.  That motion was denied. Lilly then moved this Court to confirm that Zydus was bound by this Court's initial 14-day injunction.  This Court denied Lilly's motion, finding that it no longer retained jurisdiction over the Actavis Action.

Zydus subsequently filed the present action for Declaratory Judgment on October 27, 2010, seeking a judgment from this Court that "Zydus may proceed, in its sole discretion and without any bar imposed by the Federal Circuit's Injunction and/or Consent Judgment, to immediately manufacture, use, offer to sell and sell within the United States, or import into the United States, generic atomoxetine hydrochloride products, including those defined by Zydus's ANDA 79-017." Compl. at 8. Within days, Lilly responded by filing a motion for a temporary restraining order and preliminary injunction against Zydus, seeking to prevent an at-risk generic launch of its product. That motion was withdrawn after the parties stipulated that Zydus would not market or sell its generic atomoxetine products until this Court resolves the present matter, or the Federal Circuit affirms the invalidity of all claims of the '590 patent on appeal, whichever comes first.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. To succeed on such a motion, the moving party must show that "no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 538 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks omitted)).

As in a motion to dismiss for failure to state a claim, in deciding a motion for judgment on the pleadings, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Moreover, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those

documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. DISCUSSION

The parties dispute the meaning of the phrase "during the life of the '590 patent" contained in the Consent Judgment. Zydus maintains that the "Consent Judgment must be construed as being terminated as a result of any district court judgment adjudicating that the claims of the '590 Patent are invalid or unenforceable" because "life of the patent" means "'until the date in which the patent ceases to have legal force" either due to expiration or invalidation by a court. Pl.'s Br. 15-16 (quoting Panduit Corp. V. Helermanntyton Corp., No. 03 C 8100, 2004 WL 1898954, at *4 (N.D. Ill. Aug. 11, 2004)). Lilly counters that "'[t]he life of the patent,' properly construed, is a well-known, almost two hundred year-old term-of-art referring simply to the statutory duration of the patent and its natural expiration date." Def.'s Br. 11. Lilly bolsters its argument with a barrage of citations, all of which favor its definition. Def.'s Br. 12-14.

"[A] consent decree or order is to be construed for enforcement purposes basically as a contract . . . ." United States v. ITT Cont'l Baking Co., 420 U.S. 223, 238 (1975). Therefore, the Court will construe the Consent Judgment applying New Jersey contract law principles. When interpreting contractual provisions, the Court must "[f]irst and foremost . . . 'examine the plain language of the contract and the parties' intent, as evidenced by the contract's purpose and surrounding circumstances.'" Highland Lakes Country Club & Community Ass'n v. Franzino, 186 N.J. 99, 115 (2006) (quoting State Troopers Fraternal Ass'n v. New Jersey, 149 N.J. 38, 47 (1997)). The goal is "'to discover the intention of the parties,'" therefore, the Court will consider "'the contractual terms, the surrounding circumstances, and the purpose of the contract.'" Id. (quoting

Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282 (1993)).  When a term in a contract is "susceptible to at least two reasonable alternative interpretations, an ambiguity exists."  Chubb Custom Ins. Co. v. The Prudential Ins. Co. of America, 195 N.J. 231, 238 (2008).  "Whether a term is clear or ambiguous is . . . a question of law. . . ." but "[t]he interpretation of ambiguous terms in a contract is generally a question of fact."  Kaufman v. Provident Life & Cas. Inc. Co., 828 F. Supp. 275, 282-83 (D.N.J. 1992).

Based on the submissions of the parties, the Court finds that there are two reasonable alternative interpretations for what was intended by "during the life of the '590 patent."  Though Plaintiff argues that the phrase was intended to mean when the patent was invalidated by this court order, the Court recognizes that the plain language of the phrase, as commonly used, could also mean at the time that the patent naturally expires.  Since the intent of the parties cannot be determined by looking to the plain meaning of the phrase, a material question of fact remains as to the interpretation of the contract language, making judgment on the pleadings inappropriate.  Furthermore, given the imminency of a decision as to the validity of the '590 Patent by the Federal Circuit, the Court is reluctant to issue at this time a decision that could change the calculus for the parties.

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings is denied.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       August   1  , 2011
Orig.:      Clerk
cc:        All Counsel of Record
          Hon. Joseph A. Dickson, U.S.M.J.
          File